## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 93-CC-00748-SCT

*TONY W. BLANKENSHIP*

*v.*

*DELTA PRIDE CATFISH, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/93 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANA J. SWAN |
| ATTORNEY FOR APPELLEE: | CHARLES C. JACOBS, JR. |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 6/13/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/96 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This appeal arises from a dispute over fees between Tony Blankenship and the attorneys who have represented him in a workers' compensation claim against his employer, Delta Pride Catfish, which is not a party to the case *sub judice*. Blankenship appeals an April 20, 1993 order of the Sunflower County Circuit Court which reversed a December 22, 1992 order of the Workers' Compensation Commission and awarded his former attorney, Charles Jacobs, attorney fees based on twenty-five percent of the temporary total disability payments received by the claimant and expenses, asserting that the Commission's December, 1992 order was not final and the circuit court's April, 1993 order, therefore, is a nullity. We find, however, that the Commission's order was final and properly before the circuit court, thus affirming the lower court's decision.

I.

¶2. This appeal is concerned **not** with whether Tony Blankenship has received all of the Workers' Compensation benefits to which he is entitled for a compensable injury which occurred on January 3, 1991, but with whether his various attorneys, particularly Charles Jacobs, should be compensated for their efforts in obtaining temporary total disability benefits for him. It should be noted, as the Commission has stated in several of its orders, that the fee controversy consumes more of the record than does the compensability of Blankenship's particular ailments.

¶3. Blankenship first retained Charles Jacobs on October 9, 1989, to represent him after he sustained an on-the-job injury while working for Delta Pride Catfish on May 4, 1989. On March 19, 1991, the Commission approved an order awarding Jacobs attorney fees in the amount of twenty-five percent of any compensation received by Blankenship for those injuries.

¶4. On October 8, 1991, Blankenship retained Frank Shaw, Jr. to represent him in his efforts to obtain compensation for still another on-the-job injury sustained on January 3, 1991. In addition to the standard twenty-five percent attorney fees for compensation cases, the contract provided for the attorney's out-of-pocket expenses in pursuing the claim, not to exceed $200.00.

¶5. By letter dated January 22, 1992, Blankenship notified Shaw that his services were no longer needed because he was reinstating his former attorney, Charles Jacobs. Shaw ultimately was allowed to withdraw by Commission order dated October 27, 1992.

¶6. Blankenship advised Jacobs of his reinstatement in January, 1992, also furnishing the attorney with an appointment of representation form to represent him on a Social Security claim. According to Jacobs' January 24, 1992 letter to the Commission, he was reinstated pursuant to his original October 9, 1989 contract, which provided for the customary twenty-five percent attorney fees and provided that "[i]t is understood and agreed between the parties that the said attorneys shall be reimbursed for all reasonable expenses incurred in the prosecution of said claim from any proceeds recovered in said claim." Blankenship dismissed Jacobs in a letter dated October 26, 1992, asserting that Jacobs' billing was unfair.

¶7. The Workers' Compensation Commission entered an order on September 25, 1992 finding that Blankenship had not sustained any permanent disability as a result of his May 4, 1989 accident. It further found that he had sustained a compensable neck injury on January 3, 1991, entitling him to receive temporary total disability benefits until such time as he reached maximum medical recovery. After becoming aware of a dispute between Blankenship's attorneys over their respective claims to fees, the Commission entered an order on November 19, 1992, requiring that seventy-five percent of the benefits awarded be disbursed to Blankenship and the remaining twenty-five percent placed in an escrow account until the attorneys settled their dispute.

¶8. Blankenship filed his "Petition to Have Full Commission Direct Disbursement of Funds Paid Pursuant to Commission Order, for Return of Funds Withheld by Former Attorney, for Order Relieving Former Attorney of Employment, and for Other Relief" on November 18, 1992. Home Insurance Company filed a motion to compel Blankenship to reimburse it for $8,500.00 in advances made to him based on his claim of financial hardship. Jacobs filed a motion for sanctions and attorney fees against Delta Pride, the employer. He then filed a motion for recovery of attorney fees and expenses pursuant to his contract with Blankenship. The Commission considered these motions together and entered an order on December 22, 1992, finalizing, among other things, the compensation to which Jacobs and Shaw respectively were entitled. That order, which is the subject of this appeal, is addressed in detail *infra*.

¶9. Neil White, who had contracted to represent the claimant on November 2, 1992, filed a Motion for Leave to Withdraw on December 31, 1992, stating that Blankenship "has specifically attempted to instruct his counsel in reference to the institution of additional litigation in this matter; undersigned counsel has advised the Claimant that he will not undertake the litigation contemplated by the Claimant; accordingly the Claimant states that he wants to obtain other counsel to represent him and he has asked to obtain his file

from his attorney; to this his attorney has agreed."

¶10. Jacobs filed a motion for the Commission to reconsider that part of its order disallowing attorney fees on benefits payable to Blankenship after December 22, 1992, asserting that this was in contravention to his contract with Blankenship and allowed the claimant to save on attorney fees by firing his lawyer. On January 7, 1993, he filed an amended motion seeking recovery of reasonable expenses incurred pursuant to his contract with Blankenship. He claimed expenses of $1,874.48. The Commission denied the motions on January 14, 1993.

¶11. Jacobs filed his Notice of Appeal to Circuit Court on January 20, 1993, charging that the Commission's decision violated his contract with Blankenship. Blankenship also filed a Notice of Appeal, citing the Commission's refusals to award him sanctions against his employer in the form of attorney fees. That pleading was signed by Dana Swan, his attorney on appeal.

¶12. The Sunflower County Circuit Court entered an order on April 20, 1993 reversing the Commission's order with regard to attorney fees for Jacobs, awarding him fees as agreed in his contract with Blankenship. Thus, Jacobs was awarded twenty-five percent of the total temporary disability benefits paid to Blankenship subsequent to December 22, 1992, until those benefits are discontinued. The circuit court further ordered that **when** the Commission decides the issue of permanent disability and lump sum benefits are adjudicated for attorney fees, those shall be divided between Attorneys Jacobs and Swan on a quantum meruit basis. The circuit court also found that Jacobs was entitled to recover the expenses incurred in pursuing Blankenship's compensation claims. Finally, the circuit court ordered expenses and past due attorney fees to be withheld from benefits accruing to Blankenship and granted a lien to Jacobs on future benefits to secure these payments.

¶13. Except for the Commission's September, 1992 finding that Blankenship had not sustained a permanent disability as a result of his 1989 injury, there is no evidence in the record that Blankenship had initiated proceedings to secure any type of permanent disability benefits from the Commission at the time of the December, 1992 Commission order or the April, 1993 circuit court order.[1]

II.

¶14. Blankenship asserts that the circuit court was without jurisdiction to entertain Jacob's appeal because the Commission's December, 1992 order was not a final order. He bases his contention that the order was not final on the fact that it dealt only with the matter of attorney fees, leaving unresolved issues such as whether Blankenship's disability is permanent and the benefits to which he would entitled if it is, and whether certain unpaid medical bills are related to his compensable injuries. Jacobs, on the other hand, argues that as far as attorney fees were concerned, the order was final. He contends that allowing the circuit court's order to stand would serve only to reward the claimant for firing the attorney who obtained for him the benefits he has been receiving.

¶15. By statute, only final orders of the Workers' Compensation Commission are appealable. Miss. Code Ann. § 71-3-51; *Bickham v. Department of Mental Health,* 592 So. 2d 96, 97 (Miss. 1991). "Thus, where the commission, on review of a decision of its hearing officer, enters an order remanding the case to the administrative judge for further proceedings or testimony, the order is interlocutory only and is not appealable." Dunn, *Mississippi Workmen's Compensation,* § 285 (3d ed. 1982). "An order is interlocutory when 'the substantial rights of the parties involved in the action remain undetermined and when

the cause is retained for further action.'" ***Freeman Truck Line, Inc. v. Merchants Truck Line, Inc.,*** 604 So. 2d 223, 224 (Miss. 1992)(quoting 2 Am. Jur. 2d ***Administrative Law*** § 585 (1962)). At issue is whether the December, 1992 Commission order was final or merely interlocutory in nature.

¶16. The December, 1992 order addressed a number of motions which the Commission stated sought "to extend the useful life of this controversy. We hope these motions mark the beginning of the end of what has become an exceedingly litigated controversy more concerned with payment of attorney's fees than any other fact." A brief review of the matters raised -- and disposed of -- in the order answers to our satisfaction the question of whether the order was final or interlocutory.

¶17. Paragraph I of the order addresses the Employer's and Home Insurance Company's "Motion to Compel Claimant to Reimburse Home Insurance Company," wherein Home sought reimbursement of some $8,500.00 in benefits it had advanced to Blankenship **before** a final determination was made for compensation of claimant's January, 1991 injury. The Commission found that Home was entitled to reimbursement for the $8,500.00 advance, but declined to award interest since the advancement was made voluntarily and the Insurer made no claim for interest. Thus, that matter was finalized by the Commission's order.

¶18. Paragraph II of the order considered Blankenship's motion to require Delta Pride to pay interest on past due compensation and to pay medical bills, as well as to impose sanctions for the employer's wilful failure to pay. The Commission dismissed Blankenship's claims as moot and denied the motion for sanctions. This matter, too, therefore, was finalized by the Commission's order.

¶19. Paragraphs III and IV both address the matter of attorney fees and expenses that forms the basis of this controversy; to wit: Jacob's motion for allowance of attorney fees and expenses and Blankenship's "Petition to Have Full Commission Direct Disbursement of Funds Paid Pursuant to Commission Order, for Return of Funds Withheld by Former Attorney, for Order Relieving Former Attorney of Employment, and for Other Relief." The Commission denied Blankenship's request for a hearing and ordered the withdrawal of his "so-called 'former attorney.'" Pursuant to ***Cumbest v. Manufacturing Co. v. Pinkney,*** 225 Miss. 318, 84 Miss. 421, 423 (1956), the Commission found that neither Jacobs nor Blankenship's occasional stand-in attorney, Frank H. Shaw, were entitled to expenses in addition to attorney fees. The Commission determined that based on the $23,390.32 in temporary total disability payments Blankenship had received prior to November 4, 1992, when he entered in to a contract with still another attorney, Neil White, Jr., compensation for his former attorneys could not exceed twenty-five percent of the award or $5,847.58. Considering the attorneys' itemized statements, the Commission further found that Shaw was entitled to 13.381% of that amount or $782.46 and Jacobs, to 86.619% or $5,065.12. Noting that Jacobs had withheld $1,750.00 from the advances Blankenship received from Home, the Commission then found that he was entitled to fees in the amount of $3,315.12. Finalizing distribution of the temporary total disability benefits, the Commission stated:

> In the end, by this Order, of the $23,390.32 in accrued compensation benefits paid by Delta Pride, $8,500 is to be reimbursed to Home Insurance Company, $782.46 is to be paid to attorney Frank Shaw, and $3,315.12 is to be paid to attorney Charles Jacobs. The remainder ($10,792.74) is to be paid forthwith to Tony Blankenship.

¶20. Paragraph V of the order deals with attorney fees on current and future temporary total disability benefits accruing after November 5, 1992. The Commission ruled that it was "fair and practical" to award

Jacobs a fee based on twenty-five percent of the benefits Blankenship received between November 5, 1992 and December 22, 1992, the date of the order allowing Jacobs' withdrawal from representation. As to amounts accruing after that time, the Commission ruled that all temporary total benefits should be paid directly to Blankenship only. This paragraph, too, evinces a final disposition.

¶21. Finally, Paragraph VI summarizes the order as follows:

> In sum, we grant Jacob's [sic] "Petition for Allowance of Attorney's Fee and Expenses, Etc." only to the extent provided in Parts IV and V of this order. In all other respects, the Petition is denied. We likewise grant Blankenship's "Petition to Have Full Commission Direct Disbursement of Funds Paid Pursuant to Commission Order, for Return of Funds Withheld by Former Attorney, For Order Relieving Former Attorney of Employment, and for Other Relief" only to the extent provided in parts IV and V above. In all other respects, Blankenship's Petition is denied.

We find that the order, particularly as summarized in Paragraph VI, establishes that all matters among the parties currently before the Commission were determined by the order and further, that nothing had been retained by the Full Commission or remanded to the Administrative Law Judge for further consideration.

¶22. Blankenship argues that the December 22, 1992 order is not final because there had been no final determination of how long his temporary disability benefits would continue; whether his disability was permanent; and whether certain medical bills were compensable. Although he asserts that these matters are still being "hotly contested" at the Commission level, there is no evidence in the record that such alleged controversies were alive at the time the Commission or circuit court orders were entered and the record has not been supplemented to indicate any further developments on the Commission level. Blankenship also contends that the circuit court "recognized that the cause was not final and remanded the remainder of the cause to the Commission for further proceeding." There is no language whatsoever in the circuit court's order remanding the cause for further proceedings. If anything, Blankenship may be relying on that part of the order which states:

> It is further ordered that **when** the question of permanent disability is decided by the Commission, and **when** lump sum benefits are adjudicated for payment of attorney fees, then the Commission shall allocate such fees to Attorneys Jacobs and Swan on a quantum meruit basis.

The matter of permanent disability for Blankenship's 1989 or 1991 injuries was not before the Commission when it entered the December, 1992 order. Only compensation for his temporary total benefits was at issue. As Jacobs contends, as to the matter of attorney fees for Blankenship's temporary disability claims, the order was final. When a temporary disability is involved, there is no authority for commuting an award of attorney fees, as Blankenship appears to desire. Dunn, *Mississippi Workmen's Compensation,* § 316 (3d ed. 1982). The circuit court's order merely provided for Blankenship's inevitable pursuit of permanent disability benefits, in a manner consistent with the practice of awarding lump sum attorney fees if and when a disability is declared permanent. Dunn, *Mississippi Workmen's Compensation,* § 317 (3d ed. 1982).

III.

¶23. Although not framed as an issue on appeal and despite his assertion that the circuit court's order is a nullity, Blankenship contends that circuit court erred in reversing that part of the Commission's order which allows for payment of Jacobs' reasonable expenses in addition to attorney fees. He relies on *Cumbest v.*

*Manufacturing Co. v. Pinkney,* 225 Miss. 318, 84 Miss. 421, 423 (1956), wherein after awarding attorney fees amounting to 33 and 1/3 percent of all benefits awarded to the claimant, the Court refused to allow additional sums for "reasonable and necessary expenses." However, "fees are allowed on the basis of fairness to attorney and client, and it is the declared policy of the law to approve voluntary contracts for attorney fees within the stated limits." *Mississippi Workmen's Compensation,* § 350 (3d ed. 1982). Jacobs and Blankenship had contracted that the attorney would be compensated for his reasonable expenses. Further, as distinguished from *Cumbest*, Jacobs was awarded fees based on a twenty five percent rate. Miss. Code Ann. § 71-3-63 (1995) states that "[a]lthough exceptions may be made in the interest of justice, it shall be deemed conducive to the best interest of all concerned for the commission to approve contracts for attorney fees voluntarily entered into between attorney and client, within limitations hereinabove set out." Considering the aspects of fairness and the best interests of all parties involved, and the fact that the "issue" is raised as an afterthought despite Blankenship's assertions that the circuit court order was null and void and that Blankenship does not challenge the reasonableness of the expenses submitted, we affirm the award of Jacobs' reasonable expenses pursuant to his contract with Blankenship.

IV.

¶24. In conclusions, we find that the order of the Commission was final, settling the rights of the parties currently before it. The circuit court properly entertained the appeal. Although Blankenship asserts in passing that the circuit court merely substituted its opinion for that of the Commission, he provides no evidence thereof. We therefore affirm the circuit court decision.

¶25. **JUDGMENT IS AFFIRMED.**

**LEE, C.J., ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER AND SULLIVAN, P.JJ., AND PITTMAN, J.**

**BANKS, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶26. While I agree that the judgment of the circuit court should be affirmed with respect to the allowance of attorneys fees, I differ with the majority on the issue of an allowance for expenses to the extent that such expenses would make the total allowance in excess of the twenty-five percent statutory limitation for an appearance before the commission.

¶27. Blankenship's claim that this appeal is from an interlocutory order is correctly rejected. The order is in all respects final as to the interests of Blankenship vis a vis Jacobs. With respect to attorneys fees on the temporary total disability payments, it appears that the attorneys have earned the fee, that their contract calls for such a fee, that there is nothing in the record which would indicate that requiring that the fee be paid would be unfair to the claimant and that the commission expressed no basis for arriving at such a conclusion. Under the circumstances, denial of the fee would appear to be an abuse of discretion. The claimed allowance for expenses is a different matter.

¶28. The commission, relying on the decision of this Court in *Cumbest Mfg. Co. v. Pinkney*, 225 Miss. 318, 84 So. 2d 421 (1956), disallowed the expenses claimed. Neither the circuit court nor Mr. Jacobs has suggested a rationale for the conclusion that the commission's reliance on *Cumbest Mfg. Co*. is misplaced.

The case has not been overruled or limited by this Court. It is the basis for the flat statement in Dunn that "[n]o allowance . . . will be made for necessary expenses incurred by the attorney." Vardaman S. Dunn, *Mississippi Workmen's Compensation*, § 350 (3d ed. 1982). The statute upon which it is based has remained unchanged through several reenactments. Miss. Code Ann. § 71-3-63 (1995).

¶29. The majority points out that *Cumbest Mfg. Co*. involved an appeal to this Court where this Court set the recovery at one-third. 84 So. 2d at 423. That fact, however, does not necessarily explain the decision to include necessary expenses within the court adopted one-third limitation. *Sunnyland Contract. Co., Inc. v. Davis*, 221 Miss. 744, 755, 75 So. 2d 638 (1954). In *Sunnyland Contract. Co., Inc*. this Court set one-third as the limitation on allowance for attorneys appearing for claimants through the level of this Court. In *Cumbest Mfg. Co.,* this Court allowed the one-third and precluded further recovery for expenses. The legislature set the maximum recovery for appearance before the commission at twenty-five percent. Following *Cumbest Mfg. Co.*, when the twenty-five percent is allowed there is no additional recovery for expenses.

¶30. If *Cumbest Mfg. Co*. is to be overruled or distinguished we should not do so *sub silentio* for this case. If it is not to be overruled, the judgment of the circuit court must be reversed in that part which reversed the commission on the issue of an allowance for expenses.

**PRATHER AND SULLIVAN, P.JJ., AND PITTMAN, J., JOIN THIS OPINION.**

1. Jacobs' brief indicates that Blankenship had been receiving Social Security disability benefits since August 13, 1992.