# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CC-00101-SCT

*BAY ST. LOUIS COMMUNITY ASSOCIATION,*
*PRESERVE DIAMONDHEAD QUALITY, INC., GULF*
*ISLANDS CONSERVANCY, INC., AND CONCERNED*
*CITIZENS TO PROTECT THE ISLES AND POINT,*
*INC.*

*v.*

*COMMISSION ON MARINE RESOURCES,*
*HANCOCK COUNTY PORT AND HARBOR*
*COMMISSION AND CASINO WORLD, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/30/96 |
| TRIAL JUDGE: | HON. JASON H. FLOYD, JR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | REILLY MORSE |
| ATTORNEYS FOR APPELLEES: | BEN H. STONE |
| | TERESE T. WYLY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 07/23/98 |
| MOTION FOR REHEARING FILED: | 8/6/98 |
| MANDATE ISSUED: | 10/22/98 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Before this Court is a question of the exhaustion of administrative remedies. The Chancery Court of Hancock County dismissed the appeal of an order of the Commission on Marine Resources (CMR) granting a permit to Casino World, Inc. and Hancock County Port and Harbor Commission (appellees) on the basis that it was not timely filed pursuant to Miss. Code Ann. § 49-27-39 (1972). The chancellor below ruled that the Bay St. Louis Community Association, Preserve Diamondhead Quality, Inc., Gulf Islands Conservancy, Inc., and Concerned Citizens to Protect the Isles and Point, Inc. (appellants) should have filed their appeal to the chancery court within thirty days after the permit was mailed to the appellees. Finding that the chancellor below erred in dismissing the appeal in the chancery court as untimely, we reverse and remand.

# FACTS

¶2. Casino World and Hancock County Port and Harbor Commission applied to the CMR to amend the use plan at a site on the north shore of St. Louis Bay from "general" to "industrial" and to issue a permit for a casino resort. Four community groups, objected to the application. On July 16, 1996, CMR granted the requested plan change and permit. Between July 20 and July 30, 1996, several individuals and groups, including the appellants, filed requests for reconsideration of CMR's decision as authorized by the Coastal Program. CMR notified the appellants that the petitions for reconsideration would be brought before the Commission at its next meeting on August 20, 1996.

¶3. On August 13, 1996, pursuant to Miss. Code Ann. § 49-27-37, the Department of Marine Resources (DMR) mailed the permit to Casino World and Hancock County Port and Harbor Commission. DMR notified the recipients of the permit, "As you are aware, the Commission action approving this project is the subject of a Commission reconsideration scheduled for August 20, 1996." DMR did not mail a copy of the permit to the appellants.

¶4. On August 20, 1996, CMR voted to deny reconsideration of its decision. At the same meeting, CMR adopted a written statement entitled "Findings of Fact and Conclusions of Law with Respect to Approval of the Application of Hancock County Port and Harbor Commission and Casino World Permit Application for an Adjustment to the Coastal Wetlands Use Plan and Wetlands Permit." The statement read, "It is therefore ordered that the wetlands permit be granted and the conditional "I" designation of the permit site shall become effective upon execution of these findings."

¶5. On September 18, 1996, appellants filed their notice of appeal, thirty-six days after the Department of Marine Resources mailed the permit to the Hancock County Port and Harbor Commission, Casino World, Inc., Cathy Mallette, Ronald Krizman of the COE, and Jim Morris of the DEQ. Casino World and Hancock County Port and Harbor Commission filed a motion to dismiss the appeal as untimely. CMR did not join the motion. On December 30, 1996, the chancellor granted the motion to dismiss, holding that the appeal time commenced with the issuance of the permit, rather than with the final decision of CMR to deny reconsideration. The appeal to this Court was timely perfected. The appellants frame their assignments of error as follows:

1. The lower court erred in holding that the time for appeal commenced before CMR's order became final.

2. Appellants properly and justifiably followed CMR's regulations for reconsideration and appeal, and therefore the appeal was timely filed.

3. The lower court erred in disregarding Appellants' duty to exhaust their administrative remedies before appealing the CMR's decision.

4. Section 49-27-39 begins the time for appeal from the mailing of the CMR order of issuance of the permit, and CMR failed to mail the permit to Appellants.

Issues 1, 2, and 3 are inextricably intertwined. The basis of these assignments is that the chancellor below erred in dismissing appellants' appeal as untimely, because 1) the appellants had not yet exhausted their administrative remedies before filing and 2) the appellants followed CMR's

regulations for reconsideration and appeal. Accordingly, we address the first three assignments of error together.

## DISCUSSION

**1. The lower court erred in holding that the time for appeal commenced before CMR's order became final.**

**2. Appellants properly and justifiably followed CMR's regulations for reconsideration and appeal, and therefore the appeal was timely filed.**

**3. The lower court erred in disregarding Appellants' duty to exhaust their administrative remedies before appealing the CMR's decision.**

¶6. The activities of the Mississippi Commission on Marine Resources are governed by the Coastal Wetlands Protection Act, Miss. Code Ann. § 49-21-1, et seq. Regarding issuance of permits,

> [t]he commission shall send a copy of any *order in issuance, denial, revocation or suspension of a permit* to the parties stated in section 49-27-17, and such orders must be sent within ninety (90) days from the receipt of the application in the case of granting or denying or thirty (30) days from the date of the hearing in the case of suspension or revocation.

Miss. Code Ann. § 49-27-37 (Supp. 1997). Further, Miss. Code Ann. § 49-27-39(a) (1990) reads:

> An appeal may be taken by the applicant, or any person or corporation, municipal corporation, county or interested community group who has been aggrieved by such order, from the denial, suspension or revocation of a permit or the issuance of a permit or conditional permit and who has filed written protest or objection as specified in sections 49-27-9 to 49-27-21, within thirty (30) days after the mailing to the parties of *the order of issuance, denial, suspension or revocation of any such permit*, to the chancery court of any county having jurisdiction over the property which may be affected by any such proposed activity to be authorized by such permit.

The crux of the dispute here is the effect of the mailing of the permit. The appellees contend that when the actual permit was mailed to Casino World on August 13, 1996, the thirty-day appeals clock began to run against the appellants. The appellees were aware that the Commission action approving this project and issuing a permit was the subject of a Commission reconsideration scheduled for August 20, 1996. The appellants contend that since the CMR did not vote against reconsideration of its original decision until August 20, 1996, the thirty-day appeals clock did not start running until that date. Appellants argue that the permit decision was not final and appealable because no final order granting the permit existed until the Commission completed the reconsideration of the permit issuance on August 20, 1996.

¶7. The Commission on Marine Resources is a state administrative agency. Appeals from state administrative agency hearings are controlled by statute and will only be allowed after entry of a final order. *Wilson v. Mississippi Employment Sec. Comm'n*, 643 So. 2d 538, 540 (Miss. 1994). For the chancellor's dismissal of the appellants' claim to be valid, then, this Court first must conclude that the letter to Casino World (dated August 13, 1996) containing the permit issued by the CMR on July 16, 1996, constituted an "order of issuance...of any such permit" such that the appeals clock in 49-27-39

would start running on August 13, 1996.

¶8. Initially, it must be noted that the letter containing the permit did not contain anything styled as an "order" from the Commission. Further, it also must be noted that on reconsideration of the action approving the permit and project, the Commission issued what was styled as "Findings of Fact and Conclusions of law with Respect to Approval of the Application of Hancock County Port and Harbor Commission and Casino World Permit Application for an Adjustment to the Coastal Wetlands Use Plan and Wetlands Permit." Nonetheless, even though the word "order" was not used in the letter and the Commission on Marine Resources did not issue a standard "Order Issuing Permit," the permit accompanying the letter would have been valid if no request for reconsideration had been made. We find that the letter submitted to Casino World by the DMR constituted an "order of issuance of permit." The question remains, however, whether such order was final and appealable.

¶9. Though the letter effectively would have granted a permit to Casino World had no objection been made, it defies logic that the letter from the DMR, on behalf of the CMR, to Casino World constituted a final order from which an appeal could be made to the chancery court, when such letter specifically recognized that the Commission was entertaining the idea of disapproving the project upon reconsideration. It is axiomatic that administrative remedies must be exhausted before judicial review can be sought. *Mississippi Dep't of Pub. Safety v. McKnight*, 623 So. 2d 249, 252 (Miss. 1993). Moreover, "'[a]n order is interlocutory when 'the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action.'" *Blankenship v. Delta Pride Catfish, Inc.*, 676 So. 2d 914, 916 (Miss. 1996) (quoting *Freeman Truck Line, Inc. v. Merchants Truck Line, Inc.*, 604 So. 2d 223, 224 (Miss. 1992)). If, as Casino World/CMR claims, the letter from the DMR was an order, then nothing in that "order" finalized the questions raised by the appellants' petition for reconsideration. *See Blankenship*, 676 So. 2d at 918 (finding that since order from Workers' Compensation Commission established "that all matters among the parties currently before the Commission were determined by the order and further, that nothing had been retained by the Full Commission or remanded to the Administrative Law Judge for further consideration," order was final and appealable). In fact, the letter from the DMR, on behalf of the CMR, explicitly stated that the permit was the subject matter of a petition for reconsideration that was pending before the Commission. If the order was being reconsidered, it could not have been final. Ergo, the order was interlocutory, and no appeal could be taken from it until its final disposition on August 20, 1996.

¶10. Accordingly, we find that the chancellor erred in dismissing the appellants' appeal as untimely. The appeals time frame mentioned in Miss. Code Ann. § 49-27-39 refers to the mailing of a final order of issuance of a permit. Because the order by the Commission that was mailed on August 13, 1996 was up for reconsideration, it was not final and therefore interlocutory. The final order was issued on August 20, 1996.[1] The appellants filed their appeal to the chancellor within thirty days of August 20, 1996, thus satisfying the limitations period.

### 4. Section 49-27-39 begins the time for appeal from the mailing of the CMR order of issuance of the permit, and CMR failed to mail the permit to Appellants.

¶11. Appellants also claim that CMR breached its duty to mail notice of the issuance of the order granting the permit to them, pursuant to Miss. Code Ann. § 49-27-39. It is not clear that the statute

was referring to entities objecting to a grant of a permit. Section 49-27-37 identifies the parties entitled to orders in issuance of a permit as those listed in Miss. Code Ann. § 49-27-17, which includes two groups: those parties entitled to receive a copy of such application under Miss. Code Ann. § 49-27-13, and the owners of record of adjacent land and all known claimants to water or riparian rights in or adjacent to the coastal wetlands affected. The appellants have not shown that they are members of either group. Even so, § 49-27-17 explicitly states that failure to notify those two groups of parties of a hearing by the commission would not invalidate any permit granted thereafter. This assignment of error is without merit.

## CONCLUSION

¶12. We find that because the motion to reconsider was pending before the Department or the Commission, the administrative remedy of the appellants had not been exhausted until that motion had been considered and ruled upon. The chancellor erred in ruling that the appellants' appeal to the chancery court was untimely. Therefore, we reverse the chancellor's ruling and remand this matter to the Chancery Court of Hancock County for proceedings consistent with this opinion.

¶13. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., CONCURS IN RESULT ONLY.**

1. The heart of the error lies with the Commission, for the permit in this case should not have been issued until reconsideration was complete.