992 So.2d 1242 (2008)
Michael KUKOR, Appellant,
v.
NORTHEAST TREE SERVICE, INC., Liberty Mutual Insurance Company, Jay's Service Company and First Comp Insurance Company, Appellees.
No. 2007-WC-01783-COA.
Court of Appeals of Mississippi.
October 21, 2008.
*1243 John Hunter Stevens, Jackson, attorney for appellant.
William Bienville Skipper, Robert J. Arnold, Donald V. Burch, Jackson, Robert Lee Grant, Lindsay Erin Varnadoe, attorneys for appellees.
EN BANC.
CHANDLER, J., for the Court.
¶ 1. The Circuit Court of Madison County affirmed an order of the Workers' Compensation Commission (Commission) finding Northeast Tree Service (Northeast) and its insurance carrier liable for the payment of compensation to Michael Kukor. Kukor appeals, contending that the circuit court should have reversed the Commission's decision and reinstated the decision of the administrative law judge, which held that: (1) Northeast and Jay's Service Company (Jay's), and their insurance carriers, were jointly and severally liable for payment of compensation, and (2) Kukor was permanently and totally disabled.
¶ 2. We find that Kukor's appeal from the Commission to the circuit court was interlocutory because there was no final decision by the Commission. Therefore, we reverse the judgment of the circuit court and remand this case to the Commission so that the proceedings there may continue.

PROCEDURAL HISTORY
¶ 3. We review the proceedings before the Commission relevant to the procedural stance of this appeal. At a hearing before an administrative law judge, the following facts were established. Kukor's work consisted of performing tree-trimming services and debris removal. He sustained an admittedly compensable injury from his fall from a tree while performing tree-trimming services. Kukor's supervisor was Jim Albritton, who owned both Northeast and Jay's. Albritton testified that Northeast provided tree-trimming services, and Jay's provided debris removal. The two companies had separate workers' compensation insurers, with Northeast paying higher rates to insure the high-risk work of its tree climbers. Kukor received paychecks from both companies, and the parties stipulated that his average weekly wage was $72 with Northeast and $398.81 with Jay's.
¶ 4. The administrative law judge had to determine the following issues: (1) whether Northeast and Jay's should be considered alter egos and one employer for the purposes of the workers' compensation laws; (2) whether the corporate veil should be pierced to make that determination; (3) whether Kukor was in the course and scope of employment with Jay's at the time of the injury; and (4) the existence and extent of any temporary or permanent disability attributable to the injury. The administrative law judge found Kukor to be permanently, totally disabled. The administrative law judge also found that because Kukor really worked for one employer, Jay's and Northeast were jointly and severally liable for Kukor's work-related injury.
¶ 5. The Commission reversed and remanded. The Commission found that Jay's and Northeast were separate employers and that, although Kukor was employed by both, he was in the course and scope of his employment with Northeast at the time of his injury. Therefore, only Northeast was liable for the payment of benefits. As to the extent of Kukor's permanent disability, the Commission determined that Kukor was not totally disabled, but he had sustained a seventy-five percent loss of wage-earning capacity. The *1244 Commission found that Kukor's average weekly wage was determinable based solely on the job he was performing for Northeast at the time of his injury. However, without further evidence, the Commission was unable to determine Kukor's average weekly wage with Northeast. Accordingly, the Commission remanded the case to the administrative law judge for "the purpose of receiving evidence sufficient to determine the average weekly wage of a person employed by Northeast in the same grade as Mr. Kukor, and fixing his benefits accordingly." The Commission encouraged the parties to stipulate to Kukor's average weekly wage in lieu of further proceedings before the administrative law judge.
¶ 6. Kukor filed a notice of appeal to the circuit court. In the notice of appeal, Kukor complained that no stipulation had been made and expressed his intent to appeal from whatever portion of the Commission's order constituted a final agency decision. Kukor "[r]ecogniz[ed] that the [Commission's] Order [wa]s not final as to the Defendant Northeast Tree Service," but he asserted that the order was final as to the dismissal of Jay's. The circuit court affirmed the Commission's order without addressing the finality issue. Kukor appealed that adverse decision to the supreme court, which transferred his appeal to this Court.

LAW AND ANALYSIS
¶ 7. "Generally administrative appeals can only be made from a final order." Cives Steel Co. v. Williams, 903 So.2d 678, 680(¶9) (Miss.2005). Mississippi Code Annotated section 71-3-51 (Rev.2000) provides for appeals to the circuit court from "[t]he final award of the [C]ommission." "Thus, where the [C]ommission, on review of a decision of its hearing officer, enters an order remanding the case to the administrative judge for further proceedings or testimony, the order is interlocutory only and is not appealable." Blankenship v. Delta Pride Catfish, Inc., 676 So.2d 914, 916-17 (Miss.1996) (citation omitted). In Blankenship, the supreme court determined that the Commission's order before the court was final and appealable because the Commission had determined all the issues before it, and the Commission had not remanded the case to the administrative law judge for any further proceedings. Id. at 918.
¶ 8. The Commission's order under review by the circuit court remanded the case to the administrative law judge for a determination of Kukor's average weekly wage and a final determination of benefits. Therefore, the order was interlocutory and not a final, appealable order. Blankenship, 676 So.2d at 916-17. The supreme court has held that "an interlocutory order entered by the Workmen's Compensation Commission is not appealable." S. Natural Res., Inc. v. Polk, 388 So.2d 494, 495 (Miss.1980). However, because a court has jurisdiction to determine whether it has jurisdiction, the circuit court had the ability to determine whether it could entertain Kukor's appeal. United States v. United Mine Workers of America, 330 U.S. 258, 291, 67 S.Ct. 677, 91 L.Ed. 884 (1947). The circuit court's exercise of jurisdiction over Kukor's appeal was an implicit finding pursuant to this limited jurisdiction. This Court is now reviewing whether that exercise of jurisdiction was proper. It was not. In identical procedural circumstances, the supreme court reversed the circuit court's judgment and remanded the case to the Commission. See S. Natural Res., Inc., 388 So.2d at 495. Accordingly, we reverse the circuit court's erroneous exercise of jurisdiction over Kukor's appeal and remand this case to the Commission for rendition of the proceedings *1245 that already have been ordered by that agency.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS REVERSED AND THIS CASE IS REMANDED TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.