IRVING, P.J., for the Court:
¶ 1. This appeal arises out of a workers’ compensation claim filed by Billy Murphy against Mississippi Baptist Medical Center (Baptist). The Rankin County Circuit Court affirmed the judgment of the Mississippi Workers’ Compensation Commission, which ordered Baptist to pay one-half of the costs of gastrointestinal treatment that Murphy received and one-half of the cost of a diseogram procedure that Murphy had undergone. Feeling aggrieved, Baptist appeals and contends that the Commission improperly focused on the testimony of Murphy’s treating physician and that the Commission erred in ordering Baptist to pay one-half of Murphy’s medical bills under Mississippi Code Annotated section 71-3-37 (Rev.2011).
¶ 2. We conclude that Baptist has not appealed from a final judgment, as the Commission merely ordered Baptist to pay certain expenses. The Commission did not make any final adjudication as to the merits of Murphy’s claim. Accordingly, the circuit court lacked jurisdiction to hear the appeal. Therefore, we vacate the circuit court’s judgment and remand this case to the Commission for further proceedings consistent with its order.
FACTS
¶ 3. Murphy was working for Baptist in January 2000 when he injured his back while lifting a machine over his head. Approximately one year later, while working for River Oaks Hospital, Murphy fell on the floor and sustained further injuries. As a result of his injuries, Murphy took a variety of painkillers in the years following the injuries. In 2005 and 2006, Murphy was treated for severe gastrointestinal issues. Dr. Ron Williams, who had been treating Murphy for his pain, testified by deposition that the painkillers had substantially contributed to Murphy’s need for gastrointestinal treatment.
¶ 4. Murphy filed claims against both Baptist and River Oaks. The administrative judge (AJ) found that Murphy’s gastrointestinal issues were not related to the injuries he suffered while working for Baptist and River Oaks. Murphy appealed to the Commission, which issued an order in 2010, amending the findings of the AJ and requiring Baptist and River Oaks to share the costs of Murphy’s gastrointestinal treatments and a diseogram procedure. However, the Commission’s order did not make any finding as to who would ultimately be liable for the costs of any treatments. In fact, the Commission explicitly ordered both Baptist and River Oaks to “share equally in the payment of the medical benefits awarded herein until it is determined which party is solely liable, at which time the liable Employer/Carrier must reimburse the other non-liable Employer/Carrier. ...” The Commission then remanded the case to the AJ for additional proceedings. However, Baptist filed the *236 present appeal, and there is no indication of any further proceedings before the AJ.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. It is clear that the Commission has not issued a final judgment or order in this case. In Superior Manufacturing Group, Inc. v. Crabtree, 62 So.3d 992 (Miss.Ct. App.2011), this Court addressed another case where the Commission did not enter a final judgment. In Crabtree, the Commission entered an order allowing Bill Crab-tree to reopen his claim and remanding the matter to the AJ. Id. at 992 (¶ 1). Superi- or Manufacturing Group, Inc. then filed an appeal of the Commission’s order. Id. We dismissed for lack of jurisdiction, noting that “interlocutory orders by the ... Commission are not appealable.” Id. at 995 (¶ 11) (quoting Cunningham Enters., Inc. v. Vowell, 937 So.2d 32, 34 (¶ 3) (Miss.Ct. App.2006)); see also Kukor v. Ne. Tree Serv., Inc., 992 So.2d 1242, 1244 (¶8) (Miss.Ct.App.2008) (holding that the circuit court lacked jurisdiction over an appeal from a Commission order remanding the case to the AJ for a determination of the claimant’s average weekly wage).
¶ 7. Likewise, the order entered in this case was not a final judgment of the Commission; therefore, Baptist’s appeal is interlocutory. Accordingly, we hold that the circuit court lacked jurisdiction; therefore, we vacate the circuit court’s judgment and remand this case to the Commission for further proceedings consistent with its order.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS VACATED, AND THIS CASE IS REMANDED TO THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THE COMMISSION’S ORDER. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS AND RUSSELL, JJ., CONCUR. CARLTON AND MAXWELL, JJ., NOT PARTICIPATING.