IRVING, P.J.,
for the Court:
¶ 1. James Kimbrough, while working for Fowler’s Pressure Washing LLC (Fowler’s), filed a motion to compel the payment of compensation benefits with the Mississippi Workers’ Compensation Commission (Commission) after his employer’s insurer, Amfed National Insurance Company (Amfed), ceased payment of benefits. An administrative judge (AJ) denied Kim-brough’s motion. Kimbrough then filed a petition for review with the full Commission, which affirmed the AJ’s ruling. Feeling aggrieved, Kimbrough appeals and argues that the Commission erred in not ordering Fowler’s and Amfed to resume paying him compensation benefits.
¶ 2. Because we find that the Commission’s order is not a final, appealable judgment, we dismiss this appeal for lack of jurisdiction.
FACTS
¶ 3. On September 12, 2010, Kimbrough slipped and fell on loose gravel at his work site, injuring himself while cleaning vessels in Pascagoula, Mississippi. At the time of the incident, Kimbrough’s employer, Fowler’s, was a subcontractor for Patriot Environmental Services Inc. (Patriot). As a result of his fall, he injured his left knee, which required surgery. While in physical therapy for his knee injury, Kimbrough injured his back. Kimbrough filed a petition to controvert with the Commission on December 6, 2011. Amfed initially paid benefits to Kimbrough.[1]
¶ 4. Kimbrough subsequently filed a claim for compensation with the U.S. Department of Labor under the U.S. Long-shore and Harbor Workers’ Compensation Act (LHWCA) against Patriot. Upon learning that Kimbrough had filed a claim under the LHWCA, Amfed discontinued payment of compensation benefits. Kim-brough filed a motion to compel payment. Fowler’s and Amfed moved to dismiss Kimbrough’s claim for benefits on the grounds that Kimbrough was classified as a maritime employee and was precluded from receiving benefits under the Mississippi Workers’ Compensation Act (MWCA) because the MWCA does not apply to maritime employment. After hearing arguments on the motions, the AJ denied Kim-brough’s motion to compel the payment of benefits, denied Fowler’s and Amfed’s motion to dismiss, and stayed the claim until further notification as to a finding by the U.S. Department of Labor.[2]
¶ 5. Additional facts, as necessary, will be related during the analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. The law is clear that an appeal may not be taken unless the Commission’s order is final. Superior Mfg. Group, Inc. v. Crabtree, 62 So.3d 992, 995 (¶ 11) (Miss.Ct.App.2011). This Court lacks jurisdiction if the Commission’s order is not a final one. Id. at 993 (¶ 2). “[Wjhen the substantial rights of the parties involved ... remain *944 undetermined[,]” the order is not final. Bullock v. AIU Ins. Co., 995 So.2d 717, 723 (¶ 20) (Miss.2008) (quoting Blankenship v. Delta Pride Catfish, 676 So.2d 914, 917 (Miss.1996)) (internal quotation marks omitted). Here, the Commission affirmed the AJ’s order, which only denied Kim-brough’s motion to compel, denied Fowler’s and Amfed’s motion to dismiss, and stayed the case pending the U.S. Department of Labor’s decision on Kimbrough’s petition under the LHWCA. The Commission did not make a final adjudication on the merits of Kimbrough’s claim. Thus, we lack jurisdiction to entertain this appeal, and it must be dismissed.
¶ 7. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. According to Kimbrough’s motion to compel payment of compensation benefits, Amfed began paying Kimbrough compensation benefits in November 2010, and suspended the payments in February 2011.

. After Kimbrough filed his notice of appeal, Patriot and its insurance carrier agreed to pay Kimbrough compensation under the LHWCA.