CARLTON, J.,
for the Court:
¶ 1. On January 6, 2011, Floyd Mayfield filed a petition to controvert with the Mississippi Workers’ Compensation Commission (Commission) alleging that he had suffered a compensable injury to his “neck, back, legs, knees, and feet” while working as a truck driver for Advanced Disposal Services Mississippi, LLC. Advanced Disposal and Arch Insurance Company, its carrier, admitted compensability as to Mayfield’s left knee, but denied that May-field suffered a work-related compensable injury to his lower back on that same date. A hearing commenced before the administrative judge (AJ). Following the hearing, the AJ entered an order that recognized Advanced Disposal admitted compensability to the left knee and stated that the sole issue for determination at the hearing was whether or not Mayfield sustained a com-pensable work-related injury to his back on the date in question. The AJ concluded that Mayfield sustained a compensable work-related injury to his back. However, no findings were made as to compensation for the left knee injury.
¶ 2. Advanced Disposal appealed the AJ’s decision to the Commission regarding compensability as to Mayfield’s back injury. The Commission reversed the AJ’s grant of benefits for Mayfield’s lower back injury and remanded the case to the AJ for additional proceedings consistent with its opinion.
¶ 3. Feeling aggrieved, Mayfield appeals, arguing that the Commission’s decision is arbitrary and capricious, not supported by substantial evidence, and contrary to the law. Subsequent to the filing of Mayfield’s appeal, Advanced Disposal filed a motion to dismiss, claiming that Mayfield’s appeal is interlocutory. After reviewing the record, this Court concludes that Mayfield has not appealed from a final judgment by the Commission. The Commission did not make a final adjudication as to all issues surrounding Mayfield’s alleged work-related incident. Therefore, we lack jurisdiction to address the merits of this appeal and dismiss.
FACTS
¶4. On September 30, 2010, Mayfield suffered an injury while working as a truck driver for Advanced Disposal. May-field testified that while standing on top of the tire and fender of his truck attempting to remove a tangled tarp, he slipped and fell approximately four feet to the ground. Mayfield stated that he landed on his left leg and then fell onto his buttocks. He testified that he felt pain in his left knee and upper and lower back immediately following the fall. Mayfield claimed that *1127 he notified his supervisor, Steven Deeks, that same day.
¶ 5. Mayfield testified that he saw Dr. Ricky Chance the day after the fall with complaints of pain in his left knee and back. The medical records reflect that Mayfield reported to Dr. Chance with complaints of left knee pain and upper back pain. Dr. Chance prescribed pain medication and ordered a MRI of May-field’s left knee. Following the MRI, Dr. Chance referred Mayfield to Dr. Ronald Graham, an orthopedic surgeon, for an evaluation of his left knee. Mayfield was diagnosed with a tear of the medial meniscus. Mayfield testified that Dr. Graham performed arthroscopic surgery of his left knee in November 2010. Following surgery, Dr. Graham prescribed physical therapy. Mayfield testified that because of the continued pain in his leg and back, his physical therapy was limited. May-field continued to complain of lower back pain thereafter.
¶ 6. Dr. Graham ordered a MRI of May-field’s lumbar spine. The MRI revealed degenerative changes and a protrusion at the L5-S1 disc, with no displacement of the thecal sac or nerve roots. The MRI revealed some spurring and facet degenerative joint disease along with moderate to severe stenosis. Dr. Graham opined that the results of the MRI revealed a disc herniation at L5-S1. He referred Mayfield to a neurosurgeon, Dr. Eric Wolfson. Mayfield testified that Dr. Wolfson prescribed conservative treatment that included epidural injections and physical therapy, neither of which provided any relief. Dr. Wolfson recommended lumbar surgery for Mayfield. Mayfield underwent two back surgeries, the first in March 2011, and the second in May 2011. The additional surgeries and testing failed to reveal a disc herniation or other medical cause of Mayfield’s lower back pain. Mayfield’s medical testing showed moderate degenerative changes at L4-5 and mild L3^4 and L4-5 facet arthropathy, but no medical cause of the pain resulting from the work-related accident. Mayfield testified that he still suffers pain and discomfort and cannot work. He stated that Dr. Wolfson recommends further treatment.
¶7. Mayfield testified that Advanced Disposal had paid for all of the treatment for his knee, but it denied coverage of treatment for his back. Mayfield stated that he paid for the treatment using his personal health insurance.
DISCUSSION
¶ 8. The Commission issued no final judgment or order in this case. Even though the Commission reversed the AJ’s finding of compensability as to the lower back injury, Mayfield has not yet reached maximum medical improvement (MMI), and the AJ must still assign benefits relative to his knee injury. In Superior Manufacturing Group, Inc. v. Crabtree, 62 So.3d 992 (Miss.Ct.App.2011), this Court addressed another case where the Commission did not enter a final judgment. In Crabtree, the Commission entered an order that allowed Bill Crabtree to reopen his claim and remanded the matter to the AJ. Id. at 992 (¶ 1). Superior Manufacturing Group, Inc. then filed an appeal of the order of the Commission. Id. We dismissed for lack of jurisdiction, acknowledging that “interlocutory orders by the ... Commission are not appealable.” Id. at 995 (¶ 11) (quoting Cunningham Enters., Inc. v. Vowell, 937 So.2d 32, 34 (¶ 3) (Miss.Ct.App.2006)).
¶ 9. Similarly, in this case, the order entered fails to constitute a final judgment of the Commission; therefore, Mayfield’s appeal is interlocutory. The record shows that the AJ failed to make any rulings as to the remainder of the issues for the *1128 September 30, 2010 incident. Specifically, the AJ made no findings as to the extent of permanent disability that Mayfield may suffer as a result of his knee and back injuries, if compensable.
¶ 10. Because no final order has been issued, we dismiss this case for lack of jurisdiction.
¶ 11. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.