IRVING, P.J.,
for the Court:
¶ 1. In this appeal from a decision of the Mississippi Workers’ Compensation Commission (Commission), the employer/carrier, G & S Auto Sales (G & S), asks this Court to1 decide several issues. However, finding that this Court lacks jurisdiction, we dismiss this appeal.
FACTS
¶ 2. Terrance Walton was employed by G & S as a mechanic/parts puller, and while acting in the course and scope of his employment, he injured his right wrist, shoulder, and arm. So Terrance filed a petition to controvert with the Commission, claiming a work-related injury and requesting temporary disability benefits. An administrative judge (AJ) found that Terrance had proved that he sustained- a work-related injury. Without determining the existence or extent of the temporary disability, the AJ ordered G & S to pay Walton’s reasonable and necessary medical. expenses; G & S later filed a motion for authority to take an interlocutory appeal of the AJ’s judgment, and in response, the Commission affirmed the decision of the *779 AJ, without addressing the request for an interlocutory appeal.
DISCUSSION
¶ 3. “In a workers’ compensation appeal, this Court’s standard of review is limited to a determination of whether substantial evidence supports the Commission’s decision.” Dep’t of Agric. & Commerce v. Austin, 150 So.3d 994, 997 (¶ 12) (Miss.Ct.App.2014) (citation omitted). “Generally administrative appeals' can only be made from a final order.” Cives Steel Co. Port of Rosedale v. Williams, 903 So.2d 678, 680 (¶ 9) (Miss.2005) (citation omitted). And “[t]here is no statute authorizing an appeal from anything other than a final order of the Commission.” Bickham v. Dep’t of Mental Health, 592 So.2d 96, 97 (Miss.1991). “A final, appealablef ] judgment is one that ‘adjudicates the merits of the controversy and settles all the issues as to all the parties[] and requires no further action by the lower court.’ ” Jennings v. McCelleis, 987 So.2d 1041, 1042 (¶ 4) (Miss.Ct.App.2008) (citation omitted).
¶ 4. In an order dated May 16, 2014, the • AJ stated:
Taking the evidence as a whole, I find that Walton has proven that he sustained a work-related injury on April 18, 2009, and injured his right upper extremity and back. The parties are instructed to provide additional evidence showing the existence and extent of temporary disability before such an award may be made.
IT IS THEREFORE ORDERED AND ADJUDGED that [G & S] pay and provide compensation benefits to Walton as follows:
Pay for, furnish[,] and provide to Walton all reasonable and . necessary medical serviees and supplies as the nature of his injury or the process of his recovery may require in accordance with Mississippi] Code Ann[otated section] 71-3-15 [ (Supp.2015) ] and the Medical Fee Schedule.
¶ 5. Because the extent of Terrance’s disability and the amount of his disability benefits were to be determined at a later date, the AJ’s judgment did not settle all of the issues between the parties and was not a final judgment. Acknowledging this lack of finality, G & S filed its motion for authority to take an interlocutory appeal. Without ruling on or even addressing the motion, the Commission summarily affirmed the-AJ’s judgment, finding:
The above styled cause came on for consideration by the Commission in the offices of the Mississippi Workers’ Compensation Commission in Jackson, Mississippi on [G & S’s] “Petition for Review[.]”[1]
Having thoroughly studied the record in this cause and the applicable law, the Commission affirms the “Order of the Administrative Judge” dated May 16, 2014.
¶'6.. Assuming, for the sake of argument, that the Commission properly affirmed the AJ’s judgment, at most, the Commission could have only affirmed the AJ’s findings that (1) Terrance had sustained a work-related injury; (2) the parties needed to provide additional evidence of the existence and extent of his temporary disability before an award could be made; and (3) G & S was required to pay Terrance’s reasonable and. necessary medical expenses. As such, the Commission’s ruling, like the AJ’s judgment, left certain issues unresolved, namely, whether Terrance’s in *780 jury had caused a temporary disability and the amount of temporary disability benefits to be paid by G & S. As a result, the AJ’s judgment was not final, and this Court lacks jurisdiction in this case.
¶ 7. To be clear, we do not address whether the Commission had a duty to dismiss G & S’s motion as interlocutory. We simply hold that because the AJ’s judgment was not a final judgment that disposed of all of the issues between the parties, this Court lacks jurisdiction. Therefore, this case is dismissed.
¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.

. The appellate record does not reveal that G & S filed a petition for review with the'Commission.