# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-WC-01667-COA

**COOPER TIRE & RUBBER COMPANY, A SELF-INSURED COMPANY**　　　　　　　　　　**APPELLANT**

**v.**

**RONDIE LOVELESS**　　　　　　　　　　**APPELLEE**

DATE OF JUDGMENT: 11/28/2017
TRIBUNAL FROM WHICH APPEALED: MISSISSIPPI WORKERS' COMPENSATION COMMISSION
ATTORNEY FOR APPELLANT: M. REED MARTZ
ATTORNEY FOR APPELLEE: GREG E. BEARD
NATURE OF THE CASE: CIVIL - WORKERS' COMPENSATION
DISPOSITION: APPEAL DISMISSED - 09/18/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.　On or about July 1, 2014, Rondie Loveless began to experience pain in her right foot, which she later alleged was due to standing on concrete floors for twelve-hour shifts in steel-toed boots during her employment with Cooper Tire and Rubber Company. She did not timely report the injury as work related because she "didn't know if it was [work related]" as the pain "gradually increased over a period of time[,]" and she could not identify an injury or cause. Cooper Tire denied compensability, and Loveless sought treatment for her foot through private insurance. Loveless filed a petition to controvert on June 8, 2015. She was terminated from Cooper Tire on August 29, 2015. On February 17, 2017, at a hearing on the

merits, the Administrative Judge (AJ) found that Loveless made a prima facie showing that she sustained a compensable, work-related foot injury and was entitled to compensation benefits. The AJ's order stated that the "issue of extent of permanent partial disability or industrial loss of use related to the right foot injury will be reserved until further proceedings." Cooper Tire appealed the AJ's order to the Workers' Compensation Commission. The Commission "affirmed in part . . . the [AJ's order] as to the compensability of the right-foot injury occurring on or about July 1, 2014," and remanded the case to the AJ "for all further proceedings as are necessary in the claim."

¶2.     Cooper Tire now appeals, arguing that the Commission erred in finding Loveless sustained a compensable, work-related injury to her foot because there was insufficient medical testimony to establish the essential element of causation. But, the Commission did not make a final adjudication as to all issues surrounding Loveless's alleged work-related injury. Therefore, we lack jurisdiction to address the merits of this appeal and dismiss.

## FACTS

¶3.     Loveless worked for Cooper Tire from May 2003 to August 2014. Initially, Loveless worked as a second-stage tire builder on the production line until she suffered an admitted compensable neck injury in June 2004. She reached maximum medical improvement for this injury in May 2007 and was assigned permanent restrictions of no pushing, pulling, or lifting more than twenty pounds. Loveless then went to work in her second position with Cooper Tire as a lab coordinator in the mixing department. Loveless worked in this position, which

2

was considered light-duty work, for eight years until the foot injury at issue.

¶4.     On or about July 1, 2014, Loveless alleged she began experiencing pain on the side of her right foot. She presented to Med Serve and was seen by Kenny Cook, a certified nurse practitioner, on July 23, 2014. Nurse Cook's note indicated that Loveless's complaint was "[right] foot pain on the lateral side for 1 month" and that Loveless was "unsure of the cause." Nurse Cook ordered x-rays of Loveless's foot, which were performed the same day. The x-ray records showed no acute fracture or dislocation, no significant arthritic changes, and revealed a plantar calcaneal spur. Nurse Cook gave Loveless a prescription for Mobic, an anti-inflammatory drug.

¶5.     On August 27, 2014, Loveless saw Dr. Nels Thorderson, an orthopaedic surgeon specializing in the foot and ankle, with North Mississippi Sports Medicine and Orthopaedic Clinic. According to Dr. Thorderson's notes from the visit, Loveless complained of pain and swelling in her right foot, and described the pain as "sharp, throbbing, aching, and shooting." Loveless indicated to Dr. Thorderson that her symptoms were worse during the day, specifically with work and activity, but improved with rest. She did not recall a specific accident or injury. Dr. Thorderson noted that Loveless worked on her feet for twelve-hour shifts in steel-toed boots. Dr. Thorderson ordered additional x-ray testing, which again did not show any acute fracture. He then ordered an MRI for further imaging, as well as placed Loveless in a fracture boot and restricted her from working.

¶6.     In notes from September 8, 2014, Dr. Thorderson indicated that the MRI showed

3

significant edema in the fourth and fifth proximal metatarsals and diagnosed Loveless with a stress fracture. Loveless continued to follow-up with Dr. Thorderson monthly from October 2014 to March 2015, with repeated x-rays and MRIs. She also transitioned from a fracture boot to a custom cushion, full-length orthotic boot with arch, to a full cast, and then to orthotic shoes with inserts. Dr. Thorderson's notes from Loveless's visit on March 25, 2015, indicated that she was still experiencing persistent pain. On April 25, 2015, Dr. Thorderson performed surgery on Loveless's right foot. Specifically, Dr. Thorderson performed an excision of the soft tissue mass, tarsal exostectomy, and an allograft to the fifth metatarsal. Loveless continued to follow up with Dr. Thorderson monthly post-surgery. According to Dr. Thorderson's notes, Loveless's surgical incision was healing well, but she continued to experience pain in her right foot despite wearing the prescribed boot or inserts and physical therapy. In August 2015, Dr. Thorderson injected Loveless's foot with cortisone and noted she experienced complete pain relief. Loveless saw Dr. Thorderson for the last time on September 30, 2015, where she received another cortisone injection.

¶7. On November 30, 2015, Loveless saw Dr. Bethany Gallagher, an orthopaedic foot and ankle specialist at Vanderbilt University, for a second opinion. Dr. Gallagher's notes from this initial visit indicated Loveless had experienced right-foot pain and swelling without improvement for two years despite surgery and other medical interventions. The office-visit notes also indicated there was "no antecedent trauma or inciting event." Dr. Gallagher ordered a CT scan of Loveless's right foot, which revealed two fractures to the fifth

4

metatarsal, as well as degenerative changes. On January 8, 2016, Dr. Gallagher performed surgery on Loveless's foot. Dr. Gallagher's follow-up-visit notes indicated healing, and Loveless reported significant pain and symptom improvement at her regular post-operative appointments with Dr. Gallagher. At a follow-up on October 5, 2016, Dr. Gallagher assigned Loveless permanent restrictions of no more than four hours of walking and standing.

¶8. The AJ consolidated for hearing Loveless's 2004 neck-injury claim with her 2014 foot-injury claim. On April 26, 2017, following a hearing on the merits, the AJ found that Loveless's foot injury was compensable but reserved the issue of the extent of permanent partial disability or industrial loss of use related to the right foot injury for a further date. On November 28, 2017, the Commission affirmed the AJ's findings and order as to the foot injury but remanded the case for all further necessary proceedings. Regarding Loveless's neck-injury claim, the Commission reversed the AJ's order and made other findings, which are not a part of the instant appeal. Cooper Tire now appeals only the Commission's finding of compensability as to the foot injury.

## DISCUSSION

¶9. Though not raised by either party, this Court must, on its own motion, address the jurisdictional issue in this appeal. *Hamilton v. Southwire Co.*, 191 So. 3d 1275, 1279 (¶15) (Miss. Ct. App. 2016). In workers' compensation cases, "an appeal may not be taken unless the Commission's order is final." *Superior Mfg. Grp. Inc. v. Crabtree*, 62 So. 3d 992, 995 (¶11) (Miss. Ct. App. 2011). "A final, appealable judgment is one that adjudicates the merits

5

of the controversy and settles all the issues as to all the parties and requires no further action by the lower court." *G & S Auto Sales v. Walton*, 180 So. 3d 778, 779 (¶3) (Miss. Ct. App. 2015) (internal quotation marks omitted).

¶10. Here, the Commission did not issue a final judgment or order in this case. Although the Commission did affirm the AJ's finding of compensability as to the foot injury, the AJ did not determine the extent of permanent partial disability or industrial loss of use related to the right-foot injury and reserved those issues for later proceedings. Because the Commission's order fails to constitute a final judgment, Cooper Tire's appeal is interlocutory. *Mayfield v. Advanced Disposal Servs. Miss. LLC*, 119 So. 3d 1125, 1127 (¶9) (Miss. Ct. App. 2013). In such cases, we must "dismiss[] for lack of jurisdiction, acknowledging that interlocutory orders by the Commission are not appealable." *Id*. at (¶8) (internal quotation mark omitted).

¶11. We again hold, as we consistently have, that "because the AJ's judgment was not a final judgment that disposed of all of the issues between the parties, this Court lacks jurisdiction." *G & S Auto Sales*, 180 So. 3d at 780 (¶7). Accordingly, this appeal is dismissed.

¶12. **APPEAL DISMISSED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**