# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-WC-00364-COA

**TEXAS MUTUAL INSURANCE COMPANY**              **APPELLANT**

**v.**

**MARCUS ANTONIO VAUGHTERS**                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/24/2021 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEYS FOR APPELLANT: | JAMES ARISTIDE HOLMES |
| | JOHN KEARNEY NIESET |
| | JAMES A. HEMPHILL |
| ATTORNEY FOR APPELLEE: | THOMAS ORVILLE COOLEY |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | APPEAL DISMISSED - 03/22/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.   In 2018, an administrative judge (AJ) for the Mississippi Workers' Compensation Commission determined that Marcus Vaughters sustained a compensable work-related injury while working for Johnson's Carports and was entitled to permanent and total disability benefits.  The AJ's order was not appealed.

¶2.   Subsequently, in 2019, Vaughters filed a declaratory action in the Lauderdale County Chancery Court seeking to enforce the AJ's order against Texas Mutual Insurance Company (TMIC)—the alleged insurance carrier for Johnson's Carports.  After questioning jurisdiction, the chancellor transferred the case to the Mississippi Workers' Compensation

Commission. The AJ seemingly found that jurisdiction existed and that TMIC was responsible for satisfying the judgment rendered against Johnson's Carports. TMIC appealed, and the Commission vacated the AJ's order and remanded for a determination as to compensability, coverage, and jurisdiction.

¶3. Now, TMIC appeals to this Court. However, because the Commission's order was not a final, appealable judgment, we must dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

¶4. In 2014, Marcus Vaughters, a Texas resident, was employed as a building contractor by Johnson's Carports, which was also located in Texas. Johnson's Carports sent work crews to various locations to install metal sheds and carports. While installing a metal RV shed in Meridian, Mississippi, Vaughters was electrocuted by a power line. In addition to suffering a head injury and severe burns, Vaughters' left leg had to be amputated above the knee, and his right leg had to be amputated below the knee because gangrene had set in.

¶5. Subsequently, Vaughters filed a petition to controvert with the Mississippi Workers' Compensation Commission. Johnson's Carports filed an answer and later a motion for leave to file an amended answer asserting that Vaughters was intoxicated at the time of the alleged injury and therefore his claim was barred.[1]

¶6. In October 2018, the AJ entered an order finding Vaughters was entitled to disability benefits. Although a toxicology report from Central Mississippi Medical Center showed the presence of opiates, benzodiazepines, and cannabinoids in Vaughters' urine, the AJ found

---

[1] Johnson's Carports also filed a motion to dismiss; however, it does not appear that the motion was heard.

2

that Vaughters had rebutted the presumption of intoxication.[2]  Ultimately, the AJ held that Vaughters had sustained a compensable work-related injury and was entitled to permanent and total disability benefits.  The AJ's order was not appealed.

¶7.     In May 2019, Vaughters filed a declaratory action in the Lauderdale County Chancery Court seeking to enforce the AJ's order against Johnson's Carports' alleged insurance carrier—TMIC.  Vaughters argued that "as a matter of law, [TMIC was] responsible for satisfying the [j]udgment against . . . [Johnson's Carports]."

¶8.     Subsequently, TMIC filed a motion to dismiss claiming that the chancery court lacked jurisdiction over TMIC.  Vaughters filed a response in opposition claiming that the court had personal jurisdiction over TMIC "because of the tort TMIC [had] committed in Mississippi, the contact TMIC . . . had with Mississippi residents[,] and the effects of TMIC's conduct in Mississippi."

¶9.     On November 26, 2019, the chancellor entered an order transferring the case to the Mississippi Workers' Compensation Commission.  The chancellor suggested that he did not believe that the court had subject-matter jurisdiction.  The chancellor cited Mississippi Code Annotated section 71-3-47 (Rev. 2021), which states that "the [C]ommission shall have full power and authority to determine all questions relating to the payment of claims for

_____

[2] Evidence was presented that the presence of opiates and benzodiazepines was a result of the medications Vaughters received during transport to the hospital.  Additionally, the detection of cannabinoids in Vaughters' urine indicated that marijuana had been "potentially consumed"; however, the test did not determine the presence of THC or one of its metabolites.  Rather, the test could only indicate that a single dose of cannabinoids had been consumed up to the previous four or five days (or within a month for a chronic user even after the cessation of all marijuana consumption).

compensation." However, the chancellor said that the court should defer to the Commission for a determination of subject-matter and personal jurisdiction.[3]

¶10.    On November 17, 2020, the AJ entered an order finding that the matter was properly before it, that personal jurisdiction had been established when counsel for TMIC entered a general appearance, and that TMIC was responsible for satisfying the judgment rendered against Johnson's Carports with penalties and interest. The AJ also ordered TMIC to provide for "any outstanding medical bills or the need for medical services and supplies."

¶11.    Subsequently, TMIC requested the Commission to review the AJ's order. TMIC argued that the AJ erred by finding that personal jurisdiction had been established over TMIC, the AJ erred by finding that subject-matter jurisdiction existed, the AJ erred by finding that coverage existed under TMIC's policy, and the AJ erred by finding that TMIC was responsible for satisfying the judgment rendered against Johnson's Carports.

¶12.    On February 24, 2021, the Commission entered an order vacating the AJ's order and remanded the matter to the AJ for additional proceedings. The Commission instructed the AJ to make the following determinations on remand:

1.    Under Miss. Code Ann. § 71-3-109, determine whether [Vaughters] sustained a compensable injury under the Mississippi Workers' Compensation Act.

2.    If Mississippi law is applicable, determine whether [Johnson's Carports'] policy with [TMIC] extends to cover this claim.

3.    Determine all related matters concerning jurisdiction over the claim.

---

[3] Vaughters and TMIC filed petitions for interlocutory appeal; however, both petitions were denied by the Mississippi Supreme Court.

¶13. On March 23, 2021, TMIC filed a notice of appeal. On appeal, TMIC raises the following issues:

I.    Whether the Commission erred by not ruling on the jurisdictional issues properly raised before it and by remanding the case to an administrative judge for additional proceedings.

II.   Whether any Mississippi court or administrative agency can exercise personal jurisdiction over [TMIC].

III.  Whether the Lauderdale County Chancery Court and/or the Mississippi Workers' Compensation Commission had subject[-]matter jurisdiction over Vaughters' Rule 57 Declaratory Action.

**DISCUSSION**

¶14. "Though not raised by either party in their briefs, this Court must, on its own motion, address the jurisdictional issue in this appeal." *Cooper Tire & Rubber Co. v. Loveless*, 281 So. 3d 31, 33 (¶9) (Miss. Ct. App. 2018) (citing *Hamilton v. Southwire Co.*, 191 So. 3d 1275, 1279 (¶15) (Miss. Ct. App. 2016)). "In workers' compensation cases, 'an appeal may not be taken unless the Commission's order is final.'" *Id*. (quoting *Superior Mfg. Grp. Inc. v. Crabtree*, 62 So. 3d 992, 995 (¶11) (Miss. Ct. App. 2011)). "A final, appealable judgment is one that adjudicates the merits of the controversy and settles all the issues as to all the parties and requires no further action by the lower court." *Id*. (quoting *G&S Auto Sales v. Walton*, 180 So. 3d 778, 779 (¶3) (Miss. Ct. App. 2015)). "[W]here the Commission, on review of a decision of its hearing officer, enters an order remanding the case to the administrative judge for further proceedings or testimony, the order is interlocutory only and is not appealable." *Kukor v. Ne. Tree Serv. Inc.*, 992 So. 2d 1242, 1244 (¶7) (Miss. Ct. App. 2008) (quoting *Blankenship v. Delta Pride Catfish Inc.*, 676 So. 2d 914, 916-17 (Miss.

5

1996)).

¶15.  Here, the Commission did not issue a final judgment or order in this case.  Rather, the Commission vacated the AJ's order and remanded for determinations regarding jurisdiction, compensability, and coverage.  Because the Commission's order fails to constitute a final judgment, TMIC's appeal is interlocutory.  *Loveless*, 281 So. 3d at 33 (¶10).  "In such cases, we must 'dismiss for lack of jurisdiction, acknowledging that interlocutory orders by the Commission are not appealable.'"  *Id*. at 33-34 (¶10) (quoting *Mayfield v. Advanced Disposal Servs. Miss. LLC*, 119 So. 3d 1125, 1127 (¶8) (Miss. Ct. App. 2013)).[4]

¶16.  **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[4] On February 15, 2022—almost four months after the Appellant's Reply Brief was filed on October 26, 2021—Vaughters filed a motion to dismiss this appeal for lack of a final judgment.  The motion is dismissed as moot based on the conclusion that the Court reached before Vaughters filed the motion.